**Jesus Valente LOYA–SANCHEZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73415.

Agency Nos. A76–355–089, A76–355–090, A76–355–091, A76–355–092.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Reznak's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable

Joanne L. Nelson, Esq., Las Vegas, NV, for Petitioners.

Regional Counsel, Laguna Niguel, CA, NVL–District Counsel, Office of the District Counsel, Las Vegas, NV, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Washington, DC, John L. Davis, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Jesus Valente Loya–Sanchez, his wife Albertina Villalobos, and their sons Emmisael Loya–Villalobos and Jesus Loya–Villalobos, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of their application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo due process challenges to removal proceedings, *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002), and we deny the petition for review.

Petitioners contend that they were entitled to apply for suspension of deportation because they filed an application for asylum prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. This contention is foreclosed by our recent decision in *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107–08 (9th Cir.2003), which held that proceedings begin with the Notice to

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appear, regardless of when the alien first applied for asylum. Because the petitioners' Notice to Appear was served on April 24, 1997, the BIA properly determined that they could apply for cancellation of removal but not suspension of deportation. *See id.* at 1107.

PETITION FOR REVIEW DENIED.